
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 2, 2017 Session

## JACKSON MARTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-07889      James M. Lammey, Judge**

_____

**No. W2016-01388-CCA-R3-PC**

_____

The petitioner, Jackson Martin, was convicted by a Shelby County jury of one count of attempted second-degree murder and two counts of carjacking. Over one year after this Court affirmed his convictions, the petitioner filed a petition for post-conviction relief. The trial court subsequently denied the petition on its merits. Following our review of the record and pertinent authorities, we conclude the petition was untimely, and so this Court is without jurisdiction to consider this appeal. Accordingly, we dismiss this appeal and remand the matter to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

James Jones, Bartlett, Tennessee, for the appellant, Jackson Martin.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Tyler Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Procedural History*

A Shelby County jury convicted the petitioner of attempted second degree murder and two counts of carjacking, for which he received an effective sentence of twenty-two years in confinement. *State v. Jackson Martin*, No. W2012-00144-CCA-R3-CD, 2013 WL 427897, at *1-5 (Tenn. Crim. App. Feb. 1, 2013). On February 1, 2013, his conviction was affirmed by this Court on direct appeal, and the petitioner did not seek

permission to appeal to the Tennessee Supreme Court. *Id*. The petitioner filed his pro se petition for post-conviction relief on March 5, 2014, over one year after the final decision by the highest appellate court from which the petitioner sought relief, arguing in part, trial counsel failed to respond to the State's request for notice of the petitioner's intent to present an alibi defense and failed to speak with and call several witnesses to testify at trial. The trial court appointed counsel, who filed an amended petition for post-conviction relief, and held an evidentiary hearing on the petition. The State did not raise the timeliness of the petition, and the trial court treated the petition as timely. The trial court ultimately denied the petition, and this appeal followed.

## *Analysis*

On appeal, the petitioner again alleges trial counsel provided ineffective assistance because he failed to file a notice of alibi and failed to call eyewitnesses. The State contends the petitioner filed an untimely petition for post-conviction relief, so his appeal should be dismissed. Alternatively, the State argues the petitioner received effective assistance of counsel. Following our consideration of the record, pertinent law and authorities, and arguments of the parties, we conclude the petition for post-conviction relief was untimely, so the trial court did not have jurisdiction to consider the petition and neither do we. Accordingly, we dismiss the petitioner's appeal and remand the matter to the trial court for proceedings consistent with this opinion.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* Tennessee Code Annotated section 40-30-102 subpart (b) states that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period" and then sets out the following three exceptions to this rule:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b). In addition, the Tennessee Supreme Court has held the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State,* 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992)).

Here, the State raises its statute of limitations argument for the first time on appeal. This Court has previously concluded that "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004). Accordingly, if we conclude the trial court did not have jurisdiction to consider a petition for post-conviction relief because it was untimely and due process did not require the tolling of the statute of limitations, we must dismiss the appeal even if the State failed to raise the statute of limitations at the trial level, and the trial court treated the petition as timely. *Stephen Willard Greene v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at * 5 (Tenn. Crim. App. April 25, 2007).

This case does not fall within the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b) that allow for the filing of a petition for post-conviction relief outside the one-year statute of limitations, and our review of the record does not show the petitioner was "denied the reasonable opportunity to assert a claim in a meaningful time and manner." *Seals v. State,* 23 S.W.3d 272, 279 (Tenn. 2000). Instead, the petitioner appeared to misunderstand when the statute of limitations began to run. In his pro se petition for post-conviction relief, the petitioner offered this erroneous explanation for why the one-year statute of limitations does not bar his claims:

Given the date of the Criminal Court of Appeals decision made on petitioner's direct appeal of February 1, 2013 plus the 60 day allowance for filing under Rule 11, the Petitioner's judg[]ment was final on April 1, 2013. This petition is timely filed. Petitioner as until April 1, 2014 to file this petition.

The petitioner misstates the law. It is well-established that a petitioner's ignorance of post-conviction procedures does not toll the one-year limitations period. *See Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010) (concluding ignorance of the statute of limitations due to youthful age and mental disabilities did not bar the application of the one-year statute of limitations). The petitioner had one-year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file his petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a). This Court issued its opinion on the petitioner's direct appeal on February 1, 2013, and the petitioner did not seek permission to appeal to the Tennessee Supreme Court. The petitioner had until February 1, 2014 to file his petition for post-conviction relief, yet he waited until March 5, 2014 to seek relief. The petition was untimely. Because the one-year statute of limitations for pursuing post-conviction relief is jurisdictional, the State did not waive the issue by waiving it for the first time on appeal. Accordingly, we conclude that the petition for post-conviction relief should be dismissed as time-barred, and we have no jurisdiction to review the merits of the petitioner's claims. *See Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *3 (Tenn. Crim. App. Mar. 21, 2013), *perm. app. denied*, (Tenn. Aug. 14. 2013).

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude that the petition is barred by the one-year statute of limitations for filing a petition for post-conviction relief and dismiss the appeal.

_____
J. ROSS DYER, JUDGE